MEMORANDUM*
Shawn Khalifa was arrested for participating in a home invasion of an elderly man’s home to steal some items during which two accomplices killed the homeowner. Khalifa was not tried until three- and-a-half years later, although state courts found that he objected to continuances for only about eight months of that time. Khalifa now seeks habeas relief for this delay. We review whether Khalifa properly exhausted his claim that his federal Sixth Amendment speedy trial right was violated by the delay in the trial court, and we review the claim’s merits.
The exhaustion requirement is satisfied when “the federal claim has been fairly presented to the state courts.” Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); see also Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per cu-riam). At oral argument, counsel for the State acknowledged that the State did not affirmatively argue Khalifa failed to exhaust his Sixth Amendment speedy trial claim. In the State’s view, Khalifa fairly presented this claim to the California courts because the corollary California statutory right essentially “intertwines” the state and federal rights to a speedy trial. See 28 U.S.C. § 2254(b)(3) (2012) (“A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.”). Consequently, the parties agree Khalifa’s claim has been exhausted and we are satisfied that we have jurisdiction to reach the merits of that claim.
*341 The parties dispute whether the California courts reached the merits of Khalifa's Sixth Amendment claim and, as a result, whether that claim must satisfy the restrictive standards imposed by the Antiter-rorism and Effective Death Penalty Act of 1996 (AEDPA). Normally, when “a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits____” Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013). Though “that presumption can in some limited circumstances be rebutted,” see id., we need not decide whether Khali-fa can rebut the presumption because his Sixth Amendment claim fails even under de novo review. To that end, when “a state court has not reached the merits of a properly raised issue, we must review it de novo.” Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.2002). But even reviewing Khalifa’s constitutional claim de novo, AEDPA still mandates that “factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence.” Id. at 1168.
We apply the Barker v. Wingo four-part balancing test to determine whether a petitioner’s Sixth Amendment right to a speedy trial has been violated. 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The four factors to be weighed are: (1) length of delay, (2) reason for the delay, (3) the forcefulness of the criminal defendant’s assertion of his speedy trial right, and (4) prejudice to the defense. Id. The delay was clearly lengthy and thus presumptively prejudicial. See Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992). However, the second and third factors are neutral because Khalifa objected to only about eight months of the delay, and all but five weeks of the delay during those eight months was attributable to Khalifa’s co-defendants’ continuances. Cf. Barker, 407 U.S. at 531-32, 92 S.Ct. 2182. Thus, the test hinges on whether Khalifa suffered any prejudice as a result of the lengthy delay. See, e.g., Doggett, 505 U.S. at 657-58, 112 S.Ct. 2686 (explaining that the length of and reason for the delay must be considered in determining prejudice).
At oral argument, counsel for Khalifa conceded that AEDPA applies, but argued the California Court of Appeal made a legal error in finding no prejudice. We disagree. Khalifa’s strongest argument that the state court committed legal error by not finding prejudice is his claim that he was deprived of the opportunity to have the Castillo brothers, two eyewitnesses, testify at trial in an attempt to contradict the testimony of his co-defendant, Mark Gardner. But Khalifa is unable to show, beyond mere speculation, that the Castillos would have said anything favorable enough to establish prejudice to Khalifa from their failure to testify at trial. See United States v. Coronar-Verbera, 509 F.3d 1105, 1113 (9th Cir.2007) (“[W]hen a defendant fails to make a specific showing as to what a[ ] witness would have said, any argument of prejudice is pure conjecture.”).
Furthermore, to the extent Khalifa attempts to prove prejudice by pointing to alleged inconsistencies between the Castil-los’ preliminary hearing testimony and Gardner’s testimony at trial, the California Court of Appeal made a factual determination that the testimonies were mostly consistent. We agree with that assessment. Under AEDPA review, Khalifa has not pointed to clear and convincing evidence showing otherwise. See, e.g., Lambert v. Blodgett, 393 F.3d 943, 976 (9th Cir.2004) (“State decisions applying law to facts are governed by [AEDPA deference]; however,- factual findings underlying the state court’s conclusion on the mixed issue are accorded a presumption of correctness.” *342 (emphasis added)); Seidel v. Merkle, 146 F.3d 750, 753 (9th Cir.1998) (prejudice analysis for Sixth Amendment ineffective assistance of counsel claim presents a mixed question of law and fact). Based on this deferential view of the facts, we hold the state court drew the proper legal conclusion: there are not enough inconsistencies between the testimonies of the Castillo brothers and Gardner to make out a showing of prejudice to Khalifa by failure of the Castillos to testify at trial. Therefore, Khalifa cannot show prejudice from the delay in bringing him to trial, fatally undermining the alleged violation of his Sixth Amendment right to a speedy trial.
Khalifa’s claim for habeas relief was properly denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.